CHARLES LAMBERT, RESPONDENT, *v.* B. MOORE, APPELLANT.

Where an appeal is taken from a Territorial Probate Court to the District Court, and the appeal never determined in the District Court, this Court has no jurisdiction, nor can such jurisdiction be given by consent.

This Court has appellate jurisdiction in all cases decided in District Courts, but there is no power in this Court to hear appeals from the judgments of a Probate Court.

There being no appeal pending, the cause is stricken from the calendar.

APPEAL from a case pending in the District Court of the Fourth Judicial District of the State of Nevada, Washoe County, the Hon. C. C. GOODWIN presiding.

The facts appear in the opinion of the Court.

*Clayton & Clarke*, Counsel for Appellant.

*Geo. A. Nourse*, Attorney General, Counsel for Respondent.

Briefs were filed upon the merits of this cause by counsel for appellant and respondent. But as nothing was decided on these points by this Court, it is not deemed advisable to introduce those briefs in this report.

Respondent made the point that the stipulation (which is

quoted in the opinion of the Court in this case), did not make an appeal.    That there was no judgment in the District Court to be appealed from.    That the stipulation neither did nor could give jurisdiction to this Court, and upon these grounds moved for a dismissal of the appeal.

The Court ordered the cause to be stricken from the calendar, without going further into the merits of the controversy.

Opinion by BEATTY, J., BROSNAN, J., concurring.

This was an action brought in the Probate Court of Washoe County, to recover possession of real estate.    The case was tried in the Probate Court, and a judgment rendered in favor of plaintiff.

An appeal was taken from the Probate Court of the county to the District Court of the Fourth Judicial District.    Whilst that appeal was pending in the Fourth District Court, the counsel for appellant and respondent entered into a stipulation to the following effect: " The above entitled cause, coming on to be heard in the District Court of the Fourth District, on appeal from the Probate Court, Washoe County, it is hereby stipulated by counsel for the respective parties, in open Court, that without arguing or submitting said cause in the District Court, the same be submitted to the Supreme Court in the same position it now occupies in the District Court."

There is no appeal direct from the judgment of a Probate Court in such cases to this Court, but under the territorial law there was an appeal to the District Court.    Had the District Court first decided this case, then either party aggrieved might have appealed from the decision of that Court to this Court. But the case appears to be still pending in the District Court.

The stipulation is in effect to take a cause which is on trial in the District Court and remove it to this Court for trial. This cannot be done.    This Court, except in a few special cases, has only an appellate jurisdiction, and that appellate jurisdiction from certain Courts.

In the case under consideration the jurisdiction of this Court can only attach when it has been decided in the District Court. Until such decision, this Court can no more assume jurisdiction

than it could of an original action commenced but not determined in a District Court.

As yet, there being no judgment in the District Court, there is not, and cannot be any appeal to this Court. The Clerk will strike this cause from the calendar of the Court.

Chief Justice LEWIS, having been of counsel in the Court below, did not participate in the hearing of this case.